Jason M. Drangel (JMD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AES 7715)
asands@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2410
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Loudmouth Golf, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUDMOUTH GOLF, LLC<br>*Plaintiff*<br><br>v.<br><br>TRAVEL TIME, INC., JOURDAN TRAVELWARE CORPORATION, FRANK FAKHRZADEH, AND MOHAMMAD REZA FAKHRZADEH a/k/a REZA ZADEH<br>*Defendants* | CIVIL ACTION No. <u>1:15-cv-9272</u><br><br>**COMPLAINT**<br>**JURY TRIAL REQUESTED** |

Plaintiff, Loudmouth Golf, LLC ("Loudmouth" or "Plaintiff"), a limited liability company organized under the laws of the state of Delaware, by and through its undersigned counsel, alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for copyright infringement of a federally registered copyright in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. Plaintiff seeks injunctive relief, an accounting, compensatory damages and/or statutory damages, treble damages, attorney's fees and costs, and such other relief as the Court deems proper.

**JURISDICTION AND VENUE**

2. This Court has Federal subject matter jurisdiction over the claims asserted in this action pursuant to the Copyright Act, 17 U.S.C. §§ 101 et seq. as well as pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a).

3. Venue is proper, inter alia, pursuant to 28 U.S.C. § 1391 because Defendants conduct business in this district and, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and has caused damage to Plaintiff in this district.

4. Personal jurisdiction exists over Defendants because, upon information and belief, Defendants conduct business in New York and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

**THE PARTIES**

5. Plaintiff Loudmouth is a limited liability company organized and existing under the laws of the state of Delaware, having its principal place of business at 1155 Chess Drive, Suite #102, Foster City, CA, 94404.

6. Upon information and belief, Defendant Travel Time, Inc. ("Travel Time") is a corporation, organized and existing under the laws of the state of New Jersey, having its principal place of business at either 40 Cotters Lane, Bldg. B, East Brunswick, NJ 08816 or 28 Kennedy Boulevard, Suite 110, East Brunswick, NJ 08816.

7. Upon information and belief, Defendant Jourdan Travelware Corporation ("Jourdan Travelware") is a corporation, organized and existing under the laws of the state of New Jersey, having its principal place of business at 28 Kennedy Boulevard, East Brunswick, NJ 08816.

8. Upon information and belief, Frank Fakhrzadeh ("F. Fakhrzadeh"), is an individual residing at 127 Connolly Drive, Milltown, NJ 08850.

9. Upon information and belief, Mohammad Reza Fakhrzadeh a/k/a Reza Zadeh ("M. Fakhrzadeh"), is an individual residing at 24 Rebel Run Drive, East Brunswick, NJ 08816.

10. Travel Time and Jourdan Travelware are hereinafter individually and collectively referred to as "Corporate Defendants". F. Fakhrzadeh and M. Fakhrzadeh are hereinafter individually and collectively referred to as "Individual Defendants". "Corporate Defendants" and "Individual Defendants" are hereinafter collectively referred to as "Defendants".

11. Upon information and belief, and at all times relevant hereto, Individual Defendants were officers, directors, principals, shareholders and/or owners of Corporate Defendants as described above in paragraphs 5-9 and the acts of Individual Defendants, as alleged herein, were performed within the course and scope of such position. Defendants enriched themselves by fraudulent and illegal conduct as alleged herein, while Plaintiff suffered enormous financial injury.

12. Upon information and belief, adherence to the fiction of the existence of Individual Defendants as separate and distinct from Corporate Defendants would permit an abuse of corporate privilege and would permit an injustice in that Individual Defendants would succeed in avoiding legally incurred liabilities while maintaining the benefits of the corporate status.

13. Upon information and belief, since the time of its creation, now, and all times relevant to this Complaint such a unity of interest and ownership existed between Individual Defendants and Corporate Defendants, such that separate personalities did not and do not in reality exist.

## GENERAL ALLEGATIONS

### Plaintiff Loudmouth and its Well-Known Apparel and Accessory Designs

14. Loudmouth, founded in 2000 by Scott "Woody" Woodworth, is an American sportswear company that designs, manufactures, markets and distributes apparel and accessories.

15. Loudmouth is best known for its bold, colorful, vibrant and unique designs, which are all easily discernible to the purchasing public.

16. Since its inception, Loudmouth has become an industry leader in the field of golf sportswear and is now one of the most recognizable golf brands in the world. Over the years, Loudmouth's consumer base has expanded from the United States to Canada, Asia, Europe and Australia. Capitalizing on its success in the golf industry, Loudmouth has partnered with several retailers and licensees to expand into the fashion and lifestyle consumer product categories as well.

17. To date, Loudmouth has a portfolio of over one hundred unique designs for various different products (including, but not limited to: men's and women's apparel and accessories, socks, caps, sunglasses, neckwear, cell phone cases and luggage, among others) ("Authentic Products") and sells to thousands of consumers around the globe. All of the Authentic Products are specially designed by or for Loudmouth.

18. Loudmouth's Authentic Products are promoted and sold by Loudmouth and its domestic and international licensees and distributors (collectively, "Authorized Distributors"),

through Loudmouth's retail website (www.loudmouthgolf.com) as well as a variety of other retail channels including, but not limited to: brick & mortar stores, catalogues and online storefronts such as Amazon and Zappos.

19. The internationally successful Authentic Products have been featured in television shows (including, but not limited to: The Today Show, Good Morning America, Saturday Night Live, The Tonight Show with Jay Leno, The Ellen Degeneres Show, American Idol, Dexter, Austin & Ally, One Tree Hill, etc.), several major motion pictures and magazines (including, but not limited to: Golf Digest, Sports Illustrated, TIME Magazine, WIRED Magazine, OK Magazine, Glamour Magazine, Vanity Fair, Cosmopolitan Magazine, Lucky Magazine, etc.).

20. Loudmouth, its Authentic Products and its golf apparel franchise have also received widespread press and media coverage. News stories, reports, reviews, features, press releases and blog posts have appeared in international print/online publications and news outlets such as: The Wall Street Journal, ESPN, SportsCenter, The New York Times, SB Nation, BBC, Conde Nast Traveler, FOX Sports, ABC News, The Associated Press, NBC Olympics, and CNN, among many others.

21. In addition, Loudmouth owes a substantial amount of the success of its Authentic Products to its consumers, which include numerous celebrities and professional athletes. In fact, the Authentic Products have an expansive celebrity fan-base, and have been featured in use by celebrities such as Will Ferrell, Bill Murray, Dennis Rodman, Alice Cooper, Penny Marshall, Anthony Anderson and Jonathan Mortimer Smith a/k/a "Lil John", among others. Further, Loudmouth apparel has been worn by many athletes including, but not limited to: John Daly (PGA Champion), Pornaong Phatlum (World-Ranked Professional Golfer), Peter 'Snakebite' Wright (World-Ranked Professional Darts Player), the USA Men's Beach Volleyball Team in

5

the 2012 Olympics USA; and the Norwegian Men's Curling Team in the 2010 and 2014 Olympics.

22. Loudmouth's success is also due to its use of the highest quality materials and processes in producing its Authentic Products.

23. While Loudmouth has gained significant common law rights in its Authentic Products through its extensive use, advertising and promotion, Loudmouth has also protected its valuable rights by filing for and obtaining federal copyright registrations for its unique designs.

24. Loudmouth owns both registered and unregistered copyrights in and related to the Authentic Products. For example, Loudmouth is the exclusive owner of the following relevant certificate of registration: VA1730205 (titled "Shagadelic" by Loudmouth), which is the design at issue in this case (hereinafter referred to as the "Copyright Work"). A true and correct copy of the foregoing certificate of registration is attached hereto as **Exhibit A** and incorporated herein by reference.

25. The Shagadelic design which is the subject of the Copyright Work was created by Loudmouth's founder, Scott "Woody" Woodworth .

26. As a result of Loudmouth's efforts, the quality of its Authentic Products, its marketing and promotional efforts, extensive press and media coverage and word of mouth buzz, Loudmouth's Copyright Works and Authentic Products have become prominently placed in the minds of the public. Retailers, retail buyers, consumers, and the members of the public have become familiar with Loudmouth's Copyright Work and Authentic Products, and have come to associate them exclusively with Loudmouth. Loudmouth has acquired a valuable reputation and goodwill among the public as a result of such association.

27. Loudmouth has gone to great lengths to protect its interests in and to its Copyright

Work.  No one other than Loudmouth and its Authorized Distributors are authorized to copy, manufacture, import, export, advertise, distribute, offer for sale, or sell any Authentic Products or goods utilizing the Copyright Work or substantially similar artwork, without the express written permission of Loudmouth.

**Defendants' Wrongful and Infringing Conduct**

28.     Particularly in light of the success of Plaintiff and its Authentic Products, Plaintiff and its Authentic Products have become targets for unscrupulous individuals and entities who wish to capitalize on the goodwill and reputation Plaintiff has amassed in the works embodied in its Copyright Work and Authentic Products.

29.     Plaintiff investigates and enforces against such activity, and through such efforts, learned of Defendants' actions, which vary, and include: copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling luggage bearing designs that are identical or substantially similar to and constitute an infringement of Plaintiff's Copyright Work ("Infringing Products") to U.S. consumers.  True and correct copies of photographs of the Infringing Products shown in comparison to photographs of the Authentic Products are attached hereto as **Exhibit B**.

30.     Defendants have sold the Infringing Products via numerous online retail websites (for example, www.overstock.com) and retail stores, all of which are to be determined during discovery.  Defendants have also showcased the Infringing Products at various industry trade shows, including but not limited to: the Off Price Show and the International Travel Goods Show, as well as other trade shows to be determined during discovery.  The Infringing Products are offered for sale throughout the United States, including in this Judicial District.  Attached as **Exhibit C** are photographs of the Infringing Products being offered for sale.

31. After Plaintiff became aware of Defendant's infringing actions, Plaintiff's counsel sent a cease and desist letter to Travel Time on June 30, 2015 ("C&D"). A true and correct copy of the C&D is attached hereto as **Exhibit D**. Thereafter, although Plaintiff followed up with Travel Time several times via both e-mail and telephone, Travel Time failed to respond altogether.

32. Defendants are not, nor have they ever been, Authorized Distributors of the Authentic Products. Neither Plaintiff nor any of Plaintiff's authorized agents have consented to Defendants' use of Plaintiff's Copyright Work, nor have they consented to Defendants' use of any identical or substantially similar Works by Defendants. Plaintiff has never authorized Defendants to copy, use, manufacture, import, export, advertise, market, promote, distribute, display, offer for sale or sell any of its Authentic Products or products bearing its Copyright Work.

33. By the Defendants' dealings in Infringing Products (including, but not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products) as alleged herein, Defendants have violated Plaintiff's exclusive rights in and to its Copyright Work, and have used images and/or designs that are substantially similar to, identical to, and constitute infringement of Plaintiff's Copyright Work, to confuse consumers and aid in the promotion and sales of their Infringing Products. Defendants' conduct and use began long after Plaintiff's adoption and use of its Copyright Work.

34. Prior to and contemporaneous with their unlawful actions alleged herein, Defendants had knowledge of Plaintiff's ownership of its Copyright Work and of the extraordinary fame and strength of Plaintiff's Copyright Work and the incalculable goodwill associated therewith, and in bad faith adopted Plaintiff's Copyright Work.

35. In committing these acts, Defendants have, among other things, willfully and in bad faith infringed Plaintiff's Copyright Work and unfairly and unjustly profited from such activities at Plaintiff's expense, which has caused and will continue to cause irreparable harm to Plaintiff.

36. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

37. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

38. Loudmouth is the exclusive owner of the Copyright Work.

39. Defendants had actual notice of Plaintiff's exclusive rights in and to the Copyright Work.

40. Defendants did not attempt and failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market Plaintiff's Authentic Products and/or Copyright Work.

41. Without permission, Defendants knowingly and intentionally reproduced, copied, and/or displayed Plaintiff's Copyright Work by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale or selling Infringing Products which bear such Copyright Work or, artwork that is, at a minimum, substantially similar to Plaintiff's Copyright Work.

42. Defendants' unlawful and willful actions, as alleged herein, constitute

infringement of Plaintiff's Copyright Work, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such Copyright Work in violation of 17 U.S.C. § 501(a).

43.     Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff and, unless enjoined, Defendants will continue to cause substantial and irreparable harm to Plaintiff for which it has no adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief, Plaintiff's actual damages, Defendants' profits in an amount to be proven at trial and enhanced discretionary damages or, in the alternative, statutory damages for willful copyright infringement of up to $150,000 per infringement, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, inclusive, and each of them, as follows:

A.     For an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of Plaintiff's Copyright Works under 17 U.S.C. § 501(a);

B.     In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of Plaintiff's Copyright Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment;

C.     For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or

controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling and/or otherwise dealing in the Infringing Products;

ii. directly or indirectly infringing, in any manner, any of Plaintiff's copyrights or other exclusive rights (whether now in existence or hereafter created) including, without limitation Plaintiff's Copyright Work;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's copyrights or other exclusive rights (whether now in existence or hereafter created) including, without limitation, Plaintiff's Copyright Work, to identify any goods or services not authorized by Plaintiff;

iv. using any of Plaintiff's copyrights or other exclusive rights (whether now in existence or hereafter created) including, without limitation, Plaintiff's Copyright Work, or any other artwork that is substantially similar to Plaintiff's Copyright Work, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling and/or otherwise dealing in the Infringing Products.

v. engaging in any other act in derogation of Plaintiff's rights;

vi. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising,

     marketing, promoting, distributing, displaying, retailing, offering for sale, selling and/or otherwise dealing in the Infringing Products;

   vii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

   viii. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (x) above; and

D. For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's copyrights or other exclusive rights including, without limitation, Plaintiff's Copyright Work, or bear any artwork that is substantially similar to Plaintiff's Copyright Work;

E. For an order of the court requiring that Defendants deliver up for destruction to Plaintiff any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's copyrights or other exclusive rights including, without limitation. Plaintiff's Copyright Work, or bear any artwork that is substantially similar to Plaintiff's Copyright Work pursuant to 15 U.S.C. § 1118.

F. For an order from the Court requiring that Defendants provide complete

accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, sale and/or otherwise dealing in the Infringing Products as described herein, including prejudgment interest.

G.	For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiff;

H.	For an award of exemplary or punitive damages in an amount to be determined by the Court;

I.	For Plaintiff's reasonable attorney's fees;

J.	For all costs of suit; and

For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

Dated: November 24, 2015		Respectfully submitted,

		EPSTEIN DRANGEL LLP

		BY:	/s/ Jason M. Drangel
			Jason M. Drangel (JMD 7204)
			jdrangel@ipcounselors.com
			Ashly E. Sands (AES 7715)
			asands@ipcounselors.com
			EPSTEIN DRANGEL LLP
			60 East 42nd Street, Suite 2410
			New York, NY 10165
			Telephone: (212) 292-5390
			Facsimile: (212) 292-5391
			*Attorneys for Plaintiff*
			*Loudmouth Golf, LLC*